The following was the decx'ee of this Court.
The Court
is of opinion, that the decree of the Court of Chancery is erroneous, which therefore is reversed, with costs. And the Court, being of opinion that this case is not embraced by the general principle laid down in the case of Noland v. Cromwell, because the rights of the parties could not have been adjusted by the Court of Caveat, is therefore farther of opinion that the appellees are to he considered as holding under their patent in trust for the appellants according to the rights of each under the Will óf James Christian the elder; and, for the same reason, the appellees Staples and Booth ought to be considex'ed as trustees according to the rights of the parties. It is thci'efore adjudged, ordered and decreed that the appellees James, Elizabeth, Charles and Sally Christians, *540 be perpetually enjoined from proceeding to enforce the judgment at law in the Bill mentioned, against the appellant Joyce Christian, for so much of the lands comprebended in the surveys of 123 and 390 acres, as lies above the red dotted line laid down in the connected plat filed [n ^his cailse, and whereon John Christian’s house stands; and that they do convey the same to her, in fee, with special warranty:—but the operation of this Decree is to be suspended until she shall convey to them, in fee, and with special warranty, an undivided fourth part of the 400 acres of land on Stonewall creek, granted to her testator, and of any other tract or tracts of land granted to him, or to heiy under and by virtue of any entry or entries, survey or surveys, made by James Christian the elder, prior to the date of his Will, and which are not laid down in the said connected plat; or otherwise compensate them therefor; and that the said appellees be quieted in the possession and enjoyment of all the residue of the lands granted to them by the patent, in the Bill and proceedings mentioned, and also in the several tracts of land adjoining thereto, for which patents issued to James Christian the younger, (and which the Court is of opinion were by him devised to their father George Christian,') quit of the claim and demand of the appellant Joyce Christian and all persons claiming under her; and that each party do pay their own costs in the Court of Chancery.
And it is further adjudged and decreed, that the Bill, as to the appellees Drury and Samuel Bell, be dismissed, as to whom the general principle decided in the case of Noland v. Cromwell applies; and that the appellants pay • to them their costs in the said Court.
And it is farther adjudged, ordered and decreed, that, as to the appellees Staples and Booth, the cause be remanded to the Chancery Court, with directions to that Court to permit the appellant Joyce Christian, if so advised, to amend the Bill as to those appellees, and to permit the appellees James, Elizabeth, Charles and Sally Christians, or such of them as may be advised to do so, to unite as plaintiffs in this suit, as claimants of *541 a moiety of tlie 400 acre survey, made by James Christian the elder on the 26th (Say of February 1747, and transferred to John and George Christian on the 13th day of December 1771, by memorandum in the Surveyor’s hooks, and which survey is embraced in the patent granted to those appellees; in order to a final decree between those parties.